UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANGELO REYES,<br>    *Plaintiff*,<br><br>v.<br><br>UNITED STATES OF AMERICA,[1] et al,<br>    *Defendants*. | 3:22-CV-679 (OAW) |

## OMNIBUS ORDER

This action is before the court upon the government's Motion to Dismiss and Set Aside Default Entry and supporting memorandum ("MTD"), *see* ECF Nos. 16 and 16-1, Plaintiff's Motion to Reconsider the Defendant's Certificate of Scope ("Motion to Reconsider"), *see* ECF No. 27, and Plaintiff's Motion to Stay, *see* ECF No. 33. The court has reviewed all three motions, the government's opposition to the Motion to Reconsider, *see* ECF No. 32, Plaintiff's Objection to Defendant's Notice of Removal, *see* ECF No. 22, and the record in this matter and is thoroughly apprised in the premises. For the reasons discussed herein, the MTD is **GRANTED,** the Motion to Reconsider is **DENIED,** and the Motion to Stay is **DENIED.**

### I. BACKGROUND

Plaintiff is in the custody of the Connecticut Department of Correction, where he is serving a jail sentence for 2015 convictions stemming from two separate cases that were consolidated for trial. *See* Petition for a New Trial ("Petition") at 1, ¶ 6, *Reyes v. State*,

---

[1] Although Plaintiff named Michael Mastropetre as the defendant in this matter, the court granted the government's motion to substitute the United States of America for Mastropetre. *See* ECF No. 12.

1

NNH-CV17-6071560-S (Conn. Sup. Ct. June 23, 2017) (No. 100.31).  One case involved conduct from October 9, 2008 ("-604-T"), and the other, from May 25, 2009 ("-603-T").  *Id.* ¶ 5.  The 2008 incident related to a residential fire at 95 Downing Street in New Haven, Connecticut, *see* Petition ¶ 5, and it resulted in felony convictions for Arson in the Second Degree, Conspiracy to Commit Burglary in the First Degree, and Conspiracy to Commit Criminal Mischief in the First Degree, *see* Criminal/Motor Vehicle Conviction Case Detail, available at: https://www.jud2.ct.gov/crdockets/DocketNoEntry.aspx?source=Disp.[2]  The 2009 case (-603-T) resulted in felony convictions for Arson in the Second Degree and Conspiracy to Commit Criminal Mischief in the First Degree, *id.*, and it involved the burning of a BMW automobile in New Haven, *see* Petition ¶ 5.

These convictions after a consolidated state trial followed Plaintiff's 2013 acquittal of other arson charges that had been prosecuted in *federal* court.  Judgment of Acquittal, *USA v. Sequi, et al*, 3:10-cr-120 (MPS) (D. Conn. Oct. 30, 2013) (No. 372).

After the 2013 federal acquittal and the 2015 state court (consolidated) convictions, Plaintiff petitioned in 2017 for a new trial of his consolidated state matters.  *See* Petition.  In so doing, Plaintiff at that time asserted through counsel that the arson for which he was *federally* acquitted was *unrelated* to the *state* allegations, *see* Petition ¶ 12, though he also explained that the same key witnesses testified both federally and in the state trial, *id.* ¶¶ 5–18.  He further alleged that certain newly-discovered evidence would have resulted in a different state court outcome, had it been disclosed to him before trial.  *Id.* ¶¶ 19–26.  Specifically, he argued that Osvaldo Sequi, Sr., and Osvaldo Segui, Jr. (his employees, and also cooperating witnesses and co-conspirators in the state cases),

---

[2] The full docket number for -604-T is NNH-CR12-0126304-T, and -603-T is NNH-CR12-0126303-T.

*id.* ¶ 9, had been "associated in a criminal enterprise with a man named Saul Valentin",[3] *id.* ¶ 14; *see also id.* ¶¶ 15–18, 20.  This criminal connection involved drug crimes, *id.* ¶¶ 15, 17, 20, and crimes of arson, *id.* ¶¶ 17, 20.  He further alleged that firearms were seized from 95 Downing Street "[i]n the months before the fire," when law enforcement officers executed a search warrant that that address, but that his lawyer was not made aware of this fact, which he asserts materially would have affected the credibility of the homeowner, *id.* ¶ 23, and, among other things, the outcome of his matters consolidated for state trial.

The state court conducted a hearing on the petition ("Petition Hearing"), at which Michael Mastropetre testified.  ECF No. 22-3 at 104.[4]  Officer Mastropetre was a retired New Haven police officer who had been assigned by the New Haven Police Department to work on an FBI task force at the time Plaintiff was being investigated, *id.* at 104–06, but he was working as a Woodbridge patrol officer at the time of his testimony, *id.* at 104.  Officer Mastopetre testified that he had been to the scene of the investigation into the fire at 95 Downing Street, though only in a supporting capacity.  *Id.* at 106.  He also testified that he authored an FD-302 ("302" or "302 report")[5] in which he noted speaking with a Detective Joe Coppola of the New Haven Police Department back in 2008, and that Detective Coppola mentioned hearing about a search warrant having been executed at 95 Downing Street ten months prior to the fire, and also that the search resulted in the

---

[3] The petition references both Saul "Valentine", *id.* ¶ 13, and Saul "Valentin", *id.* ¶ 14.  Most often, the petition spells the last name without an "e" at the end, *see id.* ¶¶ 14–20, so that is the spelling that will be used by this court.  Further, this context leads the court to believe that the spelling in ¶ 13 is an error.
[4] For the reader's ease, citations to specific page numbers of ECF No. 22-3 will refer to the page assigned by CM/ECF, not to the internal pagination, because the exhibit is comprised of multiple transcripts and does not have consistent, continuing pagination.  It appears that this testimony took place on October 8, 2019.  *See* ECF No. 22-3 at 94, 102–04.
[5] An FD-302 is an FBI form used to log communications between investigators and potential witnesses.  *See* ECF No. 22-3 at 65 (testimony of Attorney John R. Williams).

seizure of "weapons and other stuff." *Id.* at 108. However, Officer Mastopetre was unaware of any such search warrant ever having been located. *Id.*

Nevertheless, a press release issued by the Connecticut Department of Emergency Services and Public Protection reported that drugs and a firearm were seized after execution of a search at 95 Downing Street and at two other addresses, some sixteen months prior to the arson at 95 Downing; also, Plaintiff conceded that, prior to his federal trial, he had received from his attorney (who represented Plaintiff at both his federal and his state trial) Officer Mastopetre's 302 report that mentioned the search. *See* Memorandum of Decision at 6–7, *Reyes v. State*, NNH-CV17-6071560-S (Conn. Sup. Ct. Oct. 15, 2019) (No. 118.20). Thus, the state court (*Hon. Jon M. Alander, J.*) found that Plaintiff was on notice of the search at 95 Downing Street prior to his criminal trial, and, accordingly, that the existence of the search (and the warrant in support thereof) was not newly-discovered evidence. *Id.* For those reasons, the petition for a new trial was denied. *Id.* at 7.

Plaintiff originally filed this action in the State of Connecticut Superior Court for the Judicial District of New Haven. *See Reyes v. State, et al,* NNH-CV20-5049098-S (Conn. Sup. Ct.). He named as defendants the State of Connecticut, two state officials, and Officer Mastropetre. *Id.* He alleged that the three individual defendants had concealed or had withheld evidence at the Petition Hearing. *See* ECF No. 1. The state court dismissed the case as to all defendants except for Officer Mastropetre, who failed to appear and had a default entered against him. *See* Order, *Reyes v. State, et al,* NNH-CV20-5049098-S (Conn. Sup. Ct. Dec. 3, 2020) (No. 104.10); Order, *Reyes v. State, et al,* NNH-CV20-5049098-S (Conn. Sup. Ct. Mar. 10, 2022) (No. 102.10). The government

removed the case in May 2022 and moved to substitute for Mastropetre in accordance with the Federal Tort Claims Act ("FTCA"), which motion the court granted. *See* ECF Nos. 1, 12. After the court had granted the substitution, Plaintiff objected to the removal, attaching a purported amended complaint. *See* ECF Nos. 22, 22-1.

In the Motion to Reconsider, Plaintiff argues that substitution of the United States for Mastropetre was not proper. The government opposes the Motion to Reconsider, urges the court not to accept the amended complaint, and argues in the MTD that the default should be set aside and that the whole action should be dismissed for lack of subject matter jurisdiction. Although the court gave Plaintiff additional time to respond to the MTD, he did not file an opposition, instead submitting the Motion to Stay in July 2022. He has not filed anything since that time.

## II.   LEGAL STANDARD

It is axiomatic that federal courts have limited jurisdiction, and that an action must be dismissed where such jurisdiction is lacking. *See Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d. Cir. 2011). "[T]he plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002).

An action also must be dismissed where the facts alleged in the complaint are insufficient to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal under Rule 12(b)(6), a party must plead "enough facts to state a claim to relief that is plausible on its face," and not merely "conceivable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When reviewing a motion to dismiss, the

court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the nonmovant's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). "[C]ourts may draw a reasonable inference of liability when the facts alleged are suggestive of, rather than merely consistent with, a finding of misconduct." *Id.* (citing *N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 121 (2d Cir. 2013)).

"A motion for reconsideration is an extraordinary request that is granted only in rare circumstances . . . ." *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 54 (2d Cir. 2019). Reconsideration only will be granted where a court has overlooked controlling decisions or data. D. Conn. L. Civ. R. 7(c)(1). There are only three reasons for which a court may grant a motion for reconsideration: (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or to prevent manifest injustice. *Doe v. Hicks*, No. 3:15CV01123(AVC), 2016 WL 6433828, at *1 (D. Conn. Oct. 31, 2016) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). The standard is "strict," and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . ." *Id.* at *1 (D. Conn. Oct. 31, 2016) (quoting *Shrader v. CSX Transp.*, Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Federal Rule of Civil Procedure 55(c) states that "[f]or good cause shown the court may set aside an entry of default . . . ." When determining whether to set aside a default, courts consider three factors: "(1) whether the default was willful; (2) whether the moving party has presented a meritorious defense; and (3) whether setting aside the default would prejudice the party for whom default was awarded." *State Farm Mut.*

*Auto. Ins. Co. v. Cohan*, 409 F. App'x 453, 455 (2d Cir. 2011).  These factors are examined more stringently where a default judgment has been entered, given the finality that a judgment should generally confer in an action.  *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).  "[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party."  *Id.*

### III. DISCUSSION

The initial hurdle within the present action is in identifying Plaintiff's claim.  The original complaint does not clearly indicate Plaintiff's cause of action; it only states that the defendants conspired amongst themselves and withheld evidence when they testified during the Petition Hearing.  The government interpreted those allegations to assert common-law torts against Officer Mastropetre (presumably malicious prosecution, though the government never specifies what torts it discerned from the complaint).  However, the government correctly argues that, under the FTCA, such claims must be stated against the United States, and not against any individual government official.  *Bakowski v. Kurimai*, No. 3:98CV2287 DJS, 2000 WL 565230, at *2 (D. Conn. Mar. 20, 2000), aff'd, 387 F. App'x 10 (2d Cir. 2003) ("Nor does the FTCA 'create a cause of action against individual federal employees; it simply permits certain types of action against the United States.'") (quoting *Wright v. United States*, 719 F.2d 1032, 1034 (9th Cir.1983)).  Further, the government argues that Plaintiff did not comply with the FTCA's exhaustion requirement, thus, the present action must be dismissed for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be

forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ."); *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987) ("The burden is on the plaintiff to both plead and prove compliance with the statutory requirements [of section 2401(b)]. In the absence of such compliance, a district court has no subject matter jurisdiction over the plaintiff's claim.") (internal citations omitted).

Still, the amended complaint clearly specifies that a Section 1983 claim is stated against Officer Mastropetre in his individual capacity.[6]  Under that reading of the complaint, the government's substitution for Officer Mastropetre would be improper.

The government urges the court not to accept the amended complaint.  First, it argues that a Section 1983 claim only can be asserted against an official acting under color of *state* law, and that Officer Mastropetre was acting in a *federal* capacity, such that the amended complaint properly is construed as stating a *Bivens*[7] claim.  Moreover, it contends that the asserted facts cannot support a *Bivens* claim; thus, it argues, the proposed amendment would be futile.

Setting aside for the moment whether the claim in the amended complaint should be interpreted as a Section 1983 claim or a *Bivens* claim, the court agrees that the amended complaint should be disregarded.  Although Plaintiff asserts that he filed the amended complaint in the state action, the docket in the state action clearly shows that the amended complaint was filed after the case was removed.  *See* Amended Complaint,

---

[6] The government implies that the predicate conduct is not clear in the amended complaint, but the court disagrees.  The amended complaint clearly states that the cause of action deals with Mastropetre's appearance at the Petition Hearing on October 8, 2019.
[7] *See Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (establishing that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court).

8

*Reyes v. State, et al,* NNH-CV20-5049098-S (Conn. Sup. Ct. May 23, 2022) (No. 124.00); Notice of Removal to Federal Court, *Reyes v. State, et al,* NNH-CV20-5049098-S (Conn. Sup. Ct. May 19, 2022) (No. 123.00). Further, the amended complaint was untimely and Plaintiff was not granted leave to file an amended complaint, as is required by Federal Rule of Civil Procedure 15(a)(2). Finally, the court notes that for nearly two years Plaintiff never attempted to amend the complaint in state court, only doing so when the matter had been removed to federal court and the United States had substituted for Mastropetre. For these reasons, the court is disinclined to accept the amended complaint.

Still, it is unclear to the court whether the original complaint should be construed to state a Section 1983 claim or a *Bivens* claim. There is nothing in the original complaint that unequivocally identifies Plaintiff's claim as either a civil rights claim or an FTCA claim. And the court "is obliged to construe pro se pleadings liberally and interpret them to raise the 'strongest [claims] that they suggest . . . .'" *Davis v. O'Donnell*, No. 15-CV-3077 (LAP), 2019 WL 6790829, at *1 (S.D.N.Y. Dec. 12, 2019) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)) (internal citation omitted). And the government's argument that the court lacks jurisdiction to hear an FTCA claim may well indicate that a civil rights claim is the strongest claim the original complaint suggests. However, the court finds that whichever claim the original complaint asserts, this action still properly should be dismissed.

As a preliminary matter, insofar as Plaintiff asks that this case be remanded to state court, that request is denied. Whether the action is proceeding under the FTCA or Section 1983, federal jurisdiction is proper.

9

Next, regardless of what claim Plaintiff asserts in his original complaint, the court finds it appropriate to set aside the default entered against Mastropetre.  If the complaint is interpreted to assert an FTCA claim, then it is clear that the United States was not aware of the claim against it until recently, and it promptly removed the action and proceeded to litigate the matter.  Therefore, the failure to answer (when the complaint initially was served) clearly was not willful.  Further, the court finds that there is no prejudice to Plaintiff in so ruling.  In the first instance, this case already has been pending for several years, and Plaintiff has yet to secure a default judgment against Mastropetre.[8]  Moreover, though, "delay alone is not a sufficient basis for establishing prejudice." *Davis*, 713 F.2d 907, 916 (2d Cir. 1983).  Rather, Plaintiff must show some procedural injury, such as loss of evidence, or increased difficulty in performing discovery.  *Id.*  Plaintiff has not so shown.  Finally, given the government's argument that subject matter jurisdiction is lacking, the court finds that there are meritorious defenses.

If the complaint were interpreted to state a *Bivens* or a Section 1983 claim, the court still would have to find that there is no indication Officer Mastropetre's failure to appear was willful.  The court also notes that no default judgment has been entered against Mastropetre, and the Second Circuit frequently has "expressed a strong 'preference for resolving disputes on the merits.'" *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (quoting *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir.2001)).  Furthermore, for the same reasons previously stated, the court would find no prejudice to Plaintiff in vacating the default entry.  Finally, given the factual sparsity of the complaint,

---

[8] Plaintiff's only motion for judgment against Mastropetre was filed in February 2021 and it was denied in March 2022.  *See* Motion for Judgment, *Reyes v. State, et al*, NNH-CV20-5049098-S (Conn. Sup. Ct. Feb. 8, 2021) (No. 108.00); Order, *Reyes v. State, et al*, NNH-CV20-5049098-S (Conn. Sup. Ct. May 14, 2022) (No. 108.10).  Since then, Plaintiff has not pursued any similar action.

10

and given that it is not clear the alleged action can be the basis for a civil rights claim, the court also would find meritorious defenses to the claim.

For all these reasons, the court finds it appropriate to vacate the default entered by the state court. Defendant's request to set aside the default entered against Officer Mastropetre is granted.

Turning to the merits of the potential claims, the court also finds that regardless of how the complaint is interpreted, the government must prevail on its MTD.

Were the court to construe the complaint to state an FTCA claim, the court would conclude that the substitution of the United States for Officer Mastropetre is appropriate. Per statute, the Attorney General's certification of scope of employment automatically triggers both removal to federal court and substitution of the United States for the named defendant. 28 U.S.C. § 2679(d)(2) ("This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal."). And although the Plaintiff challenges the certification of scope of employment, the court disagrees with Plaintiff's argument that when Officer Mastropetre was performing the conduct at issue, that is, when he testified at the Petition Hearing, he was not acting as a federal official. While it is true that Mastropetre was formally employed by the New Haven Police Department ("NHPD") for the period relevant to this action, his duties with the NHPD were to act as a member of a federal task force. The FTCA defines "employee of the government" to include "persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation . . . ." 28 U.S.C.A. § 2671. Although Officer Mastropetre's compensation presumably flowed from New Haven, he still acted on behalf of the FBI

11

during the period relevant to this action. Even the unlawful acts Plaintiff alleges indicates Mastropetre's federal employment: his testimony at the Petition Hearing apparently covered his authorship of the 302 Report – an FBI report. Aside from being on the scene of the investigation relating to the fire at 95 Downing Street, there is no other allegation that he was involved in the state investigation at all. Thus, the court finds that he satisfies the definition of an "employee" for purposes of the FTCA.[9] Plaintiff's Motion to Reconsider therefore is denied.

Moreover, were the court to construe the complaint to state an FTCA claim, dismissal clearly would be appropriate for the reasons stated by the government. The FTCA requires that all tort claims against the government must be presented to the relevant agency before a lawsuit is filed. Absent this presentment, the court lacks jurisdiction to adjudicate the claim. There is no indication that Plaintiff has brought his claim to the FBI, and therefore the court cannot independently determine that it may preside over this action. Thus, any FTCA claim must be dismissed.

Next, the court considers whether Plaintiff has a viable claim under Section 1983 or *Bivens.* The court concludes he does not. There are several procedural hurdles that warrant dismissal as to either claim. For example, in this circuit it is impossible to state either a Section 1983 or a *Bivens* claim for an unconstitutional conviction or imprisonment unless the conviction or sentence has been invalidated, or at least called into question. *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995); *see also Heck v. Humphrey,* 512 U.S.

---

[9] The court notes, for the sake of thoroughness, that even if the court were to find that Officer Mastropetre was acting as a state (and not as a federal) official during his relevant conduct, a malicious prosecution claim still would not be cognizable against him, since an element of a malicious prosecution claim is that the relevant criminal proceeding terminated favorably for the plaintiff. *See LaPaglia v. Reilly*, No. 3:16-CV-01512 (JAM), 2017 WL 6614254, at *2 (D. Conn. Dec. 27, 2017) (quoting *Roberts v. Babkiewicz*, 582 F.3d 418, 420 (2d Cir. 2009)). Plaintiff's state criminal case did not terminate in his favor, so he could not state a malicious prosecution claim against Mastropetre (even as a state actor).

477 (1994). There is no basis upon which to question Plaintiff's conviction or sentence (to the contrary, the state court's denial of his petition reaffirms his conviction). Neither a Section 1983 claim nor a *Bivens* claim is cognizable, and so this action would have to be dismissed even if it were not proceeding under the FTCA.

Thus, regardless of the claim Plaintiff intended to assert in the original complaint, this matter must be dismissed. And given this conclusion, there can be no reason to stay this matter for any period. Consequently, the Motion to Stay is denied.

## IV.  CONCLUSION

Accordingly, it is thereupon **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Reconsider is **DENIED.**
2. Defendant's Motion to Dismiss and Set Aside Default is **GRANTED.**
   a. The default entered against Mastropetre prior to removal is vacated.
   b. This action is dismissed.
3. Plaintiff's Motion to Stay is **DENIED.**
4. The court asks the Clerk of Court, respectfully, to **CLOSE** this case.

**IT IS SO ORDERED** at Hartford, Connecticut, this 28th day of March, 2023.

                                            */s/*
                                OMAR A. WILLIAMS
                                UNITED STATES DISTRICT JUDGE